## MISSISSIPPI POWER & LIGHT CO. v. FEDERAL POWER COMMISSION.

## MISSISSIPPI POWER & LIGHT CO. et al. v. SLAFF et al.

### Nos. 10414, 10378.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1942.

In No. 10414:

Marcellus Green, Garner W. Green, Sr., and E. R. Holmes, Jr., all of Jackson, Miss., for petitioner.

Charles V. Shannon, Asst. Gen. Counsel, Federal Power Commission, Reuben Goldberg and Leonard Eesley, Attys., Federal Power Commission, and Howard E. Wahrenbrock, Principal Atty., Federal Power Commission, all of Washington, D. C., for respondent.

In No. 10378:

Garner W. Green, Sr., A. M. Nelson, and Forrest B. Jackson, all of Jackson, Miss., for appellant.

George Slaff, Reuben Goldberg, and Leonard D. Eesley, Attys., Federal Power Commission, all of Washington, D. C., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In Case No. 10,414 Mississippi Power & Light Company petitions this Court to review an order of the Federal Power Commission dated May 27, 1942, and to stay proceedings under the order pending review. The Commission counters with a motion to dismiss the petition for lack of jurisdiction.

The order, after a finding that there was reason to believe that certain books and records of the Power Company had been withheld or destroyed in violation of the Federal Power Act, 16 U.S.C.A. § 791a et seq., and that they were material to the Commission's examination of the costs of the Power Company's properties and a reclassification of its accounts, directed that an investigation be instituted, pursuant to Sect. 307(a) of the Act, to ascertain the whereabouts of the records and whether there have been violations of the Act in reference to the accounts; that named persons conduct the investigation with power to summon and examine witnesses, and require the production of books and papers; and that the Power Company grant free access to its accounts, records and memoranda, for the purposes of the investigation. The petition asserts that the Power Company had no opportunity to be heard before the order was made; that the findings therein were unlawful and in violation of constitutional right; that the order is broader than the Act allows, and confuses matters that ought to be separate; and that the investigators were proceeding with a high hand and in an arbitrary and unconstitutional manner, as set forth in Case No. 10,378, discussed hereafter, especially in that certain salaried employees were being forced to testify against their wish and without access to their counsel, and as expert witnesses, depriving the Power Company of their services and the value of their knowledge as witnesses.

We think this Court has no jurisdiction to review such an order, and consequently no power to grant a stay of proceedings under it. Our normal jurisdiction is over appeals from the District Courts. Special statutes have conferred special powers over other matters. Such special power is granted by Section 313 of the Federal Power Act, 16 U.S.C.A. § 825l, over orders issued by the Federal Power Commission. But it does not extend to mere preliminary or procedural orders such as this one is. Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408.

The petition must be dismissed.

In Case No. 10,378, Mississippi Power Company and certain individuals, officers and employees of that Company who have been called to testify and produce records under the order above discussed, sought relief in the United States District Court in Mississippi where the investigation was conducting. They sued the investigators as individuals, alleging two of them to be citizens and residents of Maryland and two to be citizens and residents of Washington, D. C., all temporarily sojourning in Mississippi, and alleged the suit to be one of a Civil nature between citizens of different States, (the petitioners all being citizens of Mississippi), involving more than $3,000, "and further arises under the Constitution and laws of the United States." The prayers were for injunction and a declaration of rights. The Federal Power Commission and its members are not sued. The judge held, on the point being made by the defendants by motion to dismiss, that there was no jurisdiction over the persons of the defendants in the Southern District of Mississippi and dismissed the complaint. This judgment is appealed from.

We have some misgivings about the citizenship of the two defendants who reside in Washington, but since the petition avers diversity of citizenship we assume they are citizens of some State other than Mississippi. Each is entitled to be sued in the district of which he is an inhabitant, with exceptions not here involved. 28 U. S.C.A. § 112(a). The option, in cases where federal jurisdiction is founded only on the fact that the action is between citizens of different States, to sue in the district of residence of the plaintiff does not avail here because the federal jurisdiction rests also on the ground that the suit arises under the Constitution and laws of the United States. Citizens of one State sojourning in another State may ordinarily be sued in the courts of the latter State if they can be served with process there, but this is not true in the federal courts.

But appellants say the Federal Power Act, Sect. 317, 16 U.S.C.A. § 825p, copied in the margin,* makes a special venue provision which governs here, and authorizes suit "to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder," either "in the district wherein any act or transaction constituting the violation occurred", or "in the district wherein the defendant is an inhabitant, and process in such cases may be served wherever the defendant may be found." We thus are brought to the question whether this is a suit to enjoin a violation of the Federal Power Act or a rule, regulation or order thereunder. We think it is not. No rule or regulation is referred to. No provision of the Act is pointed to as violated by the defendants. The order which appointed them to make this investigation alone is alleged to be violated. The violation consists in this: The books and files of the Power Company produced for examination are demanded to be left in the possession of the investigators; the officers and employees of the Company are about to be made to commit themselves on the questions towards which the investigation is pointed, making them less valuable as witnesses to the Company if and when a trial of those questions is undertaken by the Commission; these witnesses have not been, on demand, allowed their own counsel to be present when they testify, to advise them what they may be compelled to answer; they are not allowed a copy of their testimony, but only to read it over and correct it; the enquiry is not a public but a secret one; so that constitutional rights are invaded and irreparable injury is about to be inflicted. These wrongs, if wrongs or abuses, are not violations of the Act or an order pursuant to it. The orders which the District Court is given exclusive jurisdiction to enforce or enjoin are definitive orders, establishing rights and duties, such as may be reviewed before the Circuit Court of Appeals or enforced under Sections 314 and 315, 16 U.S.C.A. §§ 825m and 825n. The order there is an ex parte procedural one, establishing no rights and imposing no duties within the meaning of these Sections. The remedy for attempted abuses of power in a hearing such as this, is to refuse compliance, unless ordered thereto by proceedings under Section 307(c), 16 U.S.C.A. § 825f(c). The remedy against the persons conducting the investigation here attempted is not within the venue provision relied on.

The dismissal of the petition is affirmed.

* "§ 825p. Jurisdiction of offenses; enforcement of liabilities and duties

"The District Courts of the United States, the District Court of the United States for the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder. Any criminal proceeding shall be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder may be brought in any such district or in the district wherein the defendant is an inhabitant, and process in such cases may be served wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No costs shall be assessed against the Commission in any judicial proceeding by or against the Commission under this chapter."