**GUARANTY UNDERWRITERS, Inc., v. JOHNSON (two cases).**

Nos. 10502, 10499.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1943.

Rehearing Denied Jan. 27, 1943.

John W. Muskoff and Alston Cockrell, both of Jacksonville, Fla., and Lawrence S. Camp, of Atlanta, Ga., for appellant.

John F. Davis, Solicitor, Securities & Exchange Commission, and Louis Loss, Attorney, Sec. & Exchg. Com., both of Philadelphia, Pa., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

Case No. 10,502.

SIBLEY, Circuit Judge.

The plaintiff-appellant's amended petition was dismissed on motion in the District Court for want of jurisdiction, and also on the merits if they should be considered. This appeal followed.

The material facts alleged are: Appellant in 1934 became a registered dealer in securities under the provisions of Section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78o(b). During 1940 and 1942 the Securities and Exchange Commission by its agents was investigating appellant's business under Section 21, 15 U.S.C.A. § 78u, and its enquiries among customers was resulting in the practical destruction of the business. As a result on July 30, 1942, appellant's board of directors instructed the president to secure an appointment with the Commission's regional director and explain the appellant's desire to withdraw from the business with the privilege of closing all offices, and that the president withdraw the Company from the Florida Securities Commission and the National Association of Securities Dealers. On August 19 the president notified the Securities and Exchange Commission that it desired to withdraw its registration statement as a dealer, and requested and consented to the revocation of its registration, and that it was resigning its membership in the National Association and withdrawing its Florida registration, and was cancelling the authority of all salesmen. On August 7, however, the Commission had ordered a proceeding to determine seven things, the last three of which related to the propriety of revoking appellant's registration, or suspending it pursuant to Section 15(b) and 15A of the Securities Exchange Act of 1934; and the appellee Johnson was designated as the officer to conduct a hearing at Jacksonville, Florida, on August 20. Appellant filed a motion with Johnson to suspend his enquiry for want of jurisdiction to proceed, because of its consent to and request for revocation of its registration. Johnson nevertheless was proceeding to subpoena books and witnesses, on a "fishing expedition" contrary to appellant's constitutional rights, creating dissatisfaction with customers, and adverse public sentiment against appellant as a preliminary to criminal prosecution, tending to prevent a fair trial and stir up many civil suits, which would be costly to defend and were likely to bankrupt appellant; there is no remedy at law for the wrong about to be done, and declaration of rights was prayed and an injunction against Johnson to prevent him from requiring the production of its books and records, or holding any further hearing.

The district judge thought he was without jurisdiction of the subject matter because exclusive jurisdiction was in the Circuit Court of Appeals to review orders of the Securities and Exchange

Commission under Section 25(a) of the Act, 15 U.S.C.A. § 78y(a). Since his decision we have held that this preliminary order to hold an enquiry is not the sort of order which may be thus reviewed; Guaranty Underwriters, Inc. v. Securities and Exchange Commission, 5 Cir., 131 F.2d 370. Appellant contends that with this objection to the jurisdiction of the District Court removed, although the general jurisdiction is not available because Johnson is not an inhabitant of the district where he is sued as he points out in one ground of his motion to dismiss, still a special jurisdiction and a special venue are provided by Section 27, 15 U.S.C.A. § 78aa. We considered a similar contention under similar provisions in the Federal Power Act and denied it in Mississippi Power & Light Co. v. Federal Power Commission (Mississippi Power & Light Co. v. Slaff), 5 Cir., 131 F.2d 148. As we said there, so we hold here, the remedy appellant must seek lies in refusing compliance with unlawful demands for records or testimony, which can be enforced only by application to the District Court under Section 21(c), 15 U.S.C.A. § 78u(c). A bona fide contention of this sort will not result in punishment under the last sentence of Sect. 21(c).

■■ But if we are wrong in concluding that there is no proper venue, there is a good reason for dismissal on the other ground of the motion that no claim is stated on which relief can be granted. It is manifest that Johnson himself has no rights which would be the subject of a declaratory judgment. He is asserting only the right and authority of the Commission, and it is not a party. The Commission's rights cannot be declared effectively without proceeding against it. And if a case of irreparable injury to property rights is alleged, which might fall within the province of equity to prevent by injunction, and if Johnson and the Commission are without any power to proceed to enquire about revoking and suspending appellant's registration after it consents to a revocation, nevertheless the injunction ought not to issue. The hearing ordered is not confined to enquiry about revocation and suspension, but proposes in the first four objects stated to enquire whether specified charges of business misconduct are true, whether registrant has in those matters wilfully violated Section 15(c) of the Securities Exchange

Act of 1934, 15 U.S.C.A. § 78o (c) and specified rules of the Commission or Section 17(a) of the Securities Act of 1933, 15 U.S.C.A. § 77q(a), with reference to fraud and deceit in interstate sales, or Section 5(a) of the Securities Act of 1933, 15 U.S.C.A. § 77e(a), as to dealing interstate in unregistered securities, each of which enquiries might result in criminal prosecution or civil actions, as the complaint itself alleges. The hearing would not become unlawful and tortious merely because the question of revoking or suspending registration has become moot, if indeed it has, seeing that the right to withdraw registration which is given a registrant is not absolute but "upon such terms and conditions as the Commission may deem necessary in the public interest or for the protection of investors", Section 15(b), 15 U.S.C.A. § 78o(b). Whether for lack of venue or on the merits, the complaint was rightly dismissed. Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015, arose before the above quoted provision became law, and on a proceeding in the District Court by the Commission to enforce a subpoena, and involved only a question of registration. It does not govern here.

Judgment affirmed.

### Case No. 10,499.

■ In this case the alleged facts are in substance the same as in the preceding Case No. 10,502, with elaboration of charges of prejudice against Johnson, capricious and arbitrary conduct, and irreparable damage. Injunction alone was prayed. The defense was the same as above, with the addition of a plea of res judicata based on the judgment in No. 10,502, which had not then been appealed from. The complaint was dismissed on the plea of res judicata.

This plea was technically invalidated when appeal was taken from the former judgment. We have now affirmed the former judgment, and it again stands as a bar to further substantially identical litigation between the same parties. But in any case the reasons given for affirming the former judgment require that this complaint also should be dismissed. We affirm the dismissal, it not appearing that any different or better case could be alleged.

Judgment affirmed.