## MILLER v. UNITED STATES.

### No. 195.

Circuit Court of Appeals, Second Circuit.

Feb. 20, 1945.

David V. Cahill, of New York City, for appellant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of the numerous cases [1] in which, sometimes by appeal, sometimes by motion to correct judgment, and sometimes by application for release on habeas corpus, a defendant, convicted on an indictment charging him in one count with violation of Subd. (a), in another with violation of Subd. (b) of Section 588b, 12 U.S.C.A.,[2] and sentenced consecutively on both, has sought relief from one of the sen-

[1] Dimenza v. Johnston, 9 Cir., 130 F. 2d 465; Holbrook v. United States, 8 Cir., 136 F.2d 649; Hewitt v. United States, 8 Cir., 110 F.2d 1; Wells v. United States, 5 Cir., 124 F.2d 334; Durrett v. United States, 5 Cir., 107 F.2d 438; Coy v. Johnston, 9 Cir., 136

F.2d 818; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Holiday v. United States, 8 Cir., 130 F.2d 988; McDonald v. Moinet, 6 Cir., 139 F.2d 939.

[2] "(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take,

tences. Convicted, on Count One,[3] of violating Subd. (a), on Count Two,[4] of violating Subd. (b), and on Count Five of a conspiracy, he was sentenced on February 5, 1937, to consecutive terms of two years on the conspiracy count and ten years on each of Counts One and Two, and no point having been made against the sentences, the judgment was, on June 20, 1938, affirmed, United States v. Fox, 2 Cir., 97 F.2d 913. On January 26, 1942, alleging that Counts One and Two denounced only one offense, Count Two embracing and including Count One, appellant, under the authority of Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, moved in the court which had sentenced him for an order correcting and amending the sentence by vacating the judgment and sentence on Count One. The district judge denied the motion and this appeal followed.

Here appellant, in his brief filed propria persona, contends that the decisions cited in Note 1 are authority for his claim that there was a merger of the first and second counts, and the sentence on the first count may not stand. In his second brief, filed by appointed counsel, he contends that the sentence on the first count exhausted the sentencing power, and that the sentence on the second count is void and should be vacated, leaving that on the first count to stand. Standing firmly then on the premise that one of the sentences is valid, the other invalid, he insists that the defendant may not be sent back for resentence for this would permit a valid sentence to be set aside and a new sentence of greater severity imposed after the expiration of the term, and it is settled law that this cannot be done.[5]

The United States, while not expressly conceding, in effect assumes, that the two sentences imposed on Counts One and Two were imposed for but one offense. On that assumption, it urges upon us that the order appealed from should be affirmed because (a) the affirmance of the original judgment on appeal has conclusively adjudicated the validity of the sentences on both counts, and (b) assuming that the two counts of the indictment charge only one offense, the sentence is valid because the aggregate time imposed on the two counts is not in excess of that which could have been imposed on one. Finally, it insists that if appellant is entitled to any relief, it is not the relief of declaring the sentence on one of the counts valid, the other invalid, but that of declaring both sentences invalid and sending appellant back for resentence on Count Two.

We think it quite clear that there is no merit in either position (a) of the United States, that the judgment must stand because of its affirmance on appeal, or position (b), that it must stand because no greater sentence was imposed on the two counts than could have been imposed on one. Each of the principles invoked is sound enough when properly applied. Neither has application here. If, on the appeal of the cause, the question of validity of the sentence on Count One, in the sense of the jurisdiction or power of the court to impose it, had been presented and adjudicated, appellant would have been prevented from now contending that the conviction on that count was invalid.[6] Since, however, this was neither urged nor decided, it cannot be claimed now that the affirmance of the judgment on appeal added anything to the

from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

[3] Count One charged that by force and violence and by putting in fear, he took from the person of one Gray, an employee of the First National Bank of Farmingdale, L. I., property in the custody and possession of the bank, to-wit, $12,500.

[4] Count Two charged that by force and violence and by putting in fear while committing the offense defined in Sec. (2) by use of dangerous weapons, to-wit, pistols and guns, he assaulted and put in jeopardy the life of Francis Gray.

[5] Ex parte Lange, 18 Wall. 163, 85 U. S. 163, 21 L.Ed. 872; Gilmore v. United States, 10 Cir., 129 F.2d 199. Cf. Roberts v. United States, 320 U.S. 264, and cases cited at page 266, 64 S.Ct. 113, 114.

[6] Stoll v. Gottlieb, 305 U.S. 165, 59 S. Ct. 134, 83 L.Ed. 104; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329;

judgment appealed from in respect of the validity of the sentence on Count One. If it was invalid when pronounced, because the offense charged in Count One had been merged in that charged on the second count, and the court was without·power to sentence on it, it remained invalid after affirmance on appeal. An appeal does not affect the finality, it merely stays execution, of the judgment pending appeal. The judgment of affirmance, therefore, adds nothing to the finality of the judgment. It merely does away with the suspension and reinstates the judgment as it stood before the appeal was taken.[7]

On its other point, that since the sentence was no more than could have been imposed on either of the counts, appellant cannot complain, it is quite clear that the government is mistaken. The principle invoked has its usual application where there is a general sentence and the amount imposed on the counts as a whole is no more than could have been imposed on one count.[8] It has been applied also where, though separate sentences are imposed on separate counts, they are cumulative. It has never been applied, by its nature it cannot be, where, as here, instead of imposing a general sentence on all the counts or a separate sentence on each, with a provision for their cumulation, the sentences have been imposed separately and ordered to run consecutively. In this situation, it is quite plain that because the court could have imposed on one count a sentence equal to the consecutive sentences he imposed on the two, the matter may not be treated as though he had done so.

We come then to the remaining question, whether the relief to which appellant is entitled is that for which he asked in his motion, the vacation of the sentence· on Count One, leaving the sentence on Count Two to stand, or that of being sent back for re-sentencing. The authorities cited in Note 1 leave no doubt that appellant may not be resentenced, but that the judgment must be reversed and the cause remanded with directions to vacate the sentence imposed on one of the counts, leaving the other standing. The cases cited in Note One present interesting reading. They deal in a variety of ways with a variety of sentences. All of them, however, hold that there can be only one valid sentence. In some of them, the greater sentence was imposed under the Subd. (b) count; in others, it was under Subd. (a). Some of the cases, viz., Dimenza v. Johnston, 9 Cir., 130 F.2d 465 and Wells v. United States, 5 Cir., 124 F.2d 334, treat the first count as merged in the second. Some of them, viz., Coy v. Johnston and Holbrook v. United States, where the greater sentence was imposed on the first count under Subd. (a), denying that there was a merger of the lesser offense, permit the sentence on the first count to stand, vacating the sentence on the second count. In Holbrook's case, the court said that the only justifiable complaint the defendant has is that he received two consecutive sentences for one offense, instead of a single ·sentence. In Coy's case, the sentence on the second count violated the statutory minimum. Holbrook's case was on a motion to correct sentence, Coy's on habeas corpus. Other differences appear in other of the cited cases, and there is no unanimity as to the correct ground for granting the relief. There is agreement though that one, but only one, of the sentences is valid. Where, therefore, as here, the sentence imposed on each of the counts is for the same number of years, it is wholly immaterial whether relief is granted appellant on his theory that the first count is merged in the second, or that of his counsel, that the sentence on the first count exhausted the sentencing power, or on that advanced in Holbrook's case, that the judge can say which of the sentences shall be vacated, which shall stand. It is sufficient for us to say that the substance of the matter is that the sentence on one of the counts is invalid and must be vacated, the sentence on the

---

Cf. Teagan v. Schram, 6 Cir., 110 F.2d 72.

[7] Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725; Guaranty Underwriters v. Johnson, 5 Cir., 133 F.2d 54; Refior v. Lansing Drop Forge Co., 6 Cir., 134 F.2d 894.

[8] In Clifton v. United States, 4 How. 242, at page 250, 11 L.Ed. 957, it was said, "It was held, at an early day, in this court, that one good count was sufficient to uphold a general verdict and judgment upon all the counts, though some of them might be bad." The rule has never been departed from. Cf. Claassen v. United States, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; United States v. Trenton Potteries, 273 U.S. 392, at page 402, 47 S.Ct. 377, 71 L.Ed. 700, 50 A. L.R. 989.

 

other is valid and must stand. The judgment will be reversed and the cause remanded for further and not inconsistent proceedings.