**WILLIAMS v. UNITED STATES.**

No. 11215.

Circuit Court of Appeals, Fifth Circuit.

April 30, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1574.

James N. Williams, of Leavenworth, Kan., in pro. per.

Malcolm E. Lafargue, U. S. Atty., and John A. Patin, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Held under sentences[1] of the United States District Court for the Western Dis-

---

[1] Taken from the transcript of the record which is not complete, as supplemented by the briefs of appellant and the United States, these are the facts:

On February 11, 1938, appellant appeared before the trial court and pleaded guilty to two indictments which had been consolidated for trial, No. 8506 and No. 8507. On Indictment No. 8507, charging violation of Title 18 U.S.C.A. § 415, National Stolen Property Act, defendant was sentenced to five years imprisonment effective under Sec. 709a, 18 U.S.C.A., "as of defendant's receipt at the penitentiary or jail for service of the sentence." On Indictment No. 8506, charging violation of Title 18 U.S.C.A. § 408e, Unlawful Flight Act, the imposition of sentence was suspended and "de-fendant was ordered placed on probation after serving sentence imposed in No. 8507, conditioned upon his not again violating any law, state or federal, during the period of said suspense and probation, which period is for the term of ten years". It was further provided, "The probation is to begin when the said defendant has served the term imposed in cause No. 8507."

After serving a portion of the penitentiary term, appellant was, on Sept. 11, 1941, released on parole, and while at liberty thereunder was, on Jan. 14, 1943, arrested by state officers for robbery and possession of stolen property. Because of this, his parole was revoked and he was returned to the penitentiary to serve the balance of his sentence.

trict of Louisiana, appellant, claiming that one of the sentences was invalid, sought by motion to vacate it. The district judge denied the motion, and appellant has brought the matter here by appeal. Here he makes two contentions. One is that the original judgment placing him on probation was void because it provided for a ten year probation, while the statute limits the probation period to five years. Cf. Sanford v. King, 5 Cir., 136 F.2d 106. The second contention is that the two indictments, No. 8506 and No. 8507, charged but a single offense and will support but a single sentence, and that, having been' sentenced in No. 8507, he could not be validly sentenced in No. 8506.[2]

■ To the first contention, the Government replies that the statute limits probation to five years, and, therefore, the provision in the probation order for ten was without effect on the otherwise valid judgment, and, further, that the judgment of suspension and probation was revoked within the statutory period of five years after it commenced.

■ To the second contention, the Government replies that the offenses for which he was convicted were separate offenses[3] under separate statutes, each providing a separate and distinct penalty. Indictment No. 8506, under Sec. 408e, the Unlawful Flight Act, provided a maximum penalty of five years and fine, while Indictment No. 8507, under Sec. 415, the National Stolen Property Act, carried a maximum penalty of ten years and fine.

■ We agree with the Government. It is quite plain that appellant was charged with, and convicted of, separate and distinct offenses, and that he could have been sentenced to an aggregate term of fifteen years for their violation. It is quite plain, too, that nothing is shown which in any-wise impeaches the judgment and sentence entered March 5, 1943, on which he is now held. It may not any longer be doubted, though it once was,[4] that a person confined on a valid sentence, and, therefore, not able to seek relief by habeas corpus from an invalid one, may obtain relief by motion to correct the sentence.[5] It is quite plain, too, that to obtain such relief, the sentence must have been void, that is, have been rendered without jurisdiction.[6] Mere errors in arriving at the sentence and judgment must be corrected by appeal. This is particularly true of judgments revoking probation, which, within the limits fixed by statute, are matters within the discretion of the district judge.[7] Of course, where any mandate of the statute is disobeyed, as in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, where the probation was revoked without a hearing accorded the petitioner, the judgment of revocation is void. But where, as here, he is brought before the court, given a hearing, pleads guilty to a violation of his probation and does not appeal from the judgment following, the strongest kind of showing that the judgment was entered without jurisdiction is required.

■ All that appears in respect of the sentence complained of is: (1) that the defendant stood before the court for sentence on two indictments, consolidated for trial, carrying an aggregate maximum punishment of fifteen years; (2) that he was sentenced on one of the indictments, No. 8506, to serve five years; (3) that on the other, No. 8507, in accordance with established practice, Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282, the imposition of sentence was suspended, and he was placed on probation to commence after the service of the first five year sentence; (4) that within the period of probation so fixed, and upon his plea of guilty to its violation,

---

Because of this, too, on Feb. 11, 1943, the federal probation officer filed a rule to revoke appellant's probation in Criminal No. 8506. On March 5, 1943, appearing to the rule with counsel in open court, appellant pleaded guilty to having violated his probation, and he was thereupon sentenced to five years in the penitentiary.

[2] Cf. Wells v. United States, 5 Cir., 124 F.2d 334; Holbrook v. United States, 8 Cir., 136 F.2d 649; Miller v. United States, 2 Cir., 147 F.2d 372.

[3] Barrow v. Owen, 5 Cir., 89 F.2d 476; United States v. Bruce, D.C., 52 F.Supp. 150; United States v. Miller, D.C., 17 F.Supp. 65; Jackson v. United States, 8 Cir., 131 F.2d 606.

[4] Cf. United States v. Bruce, D.C., 52 F.Supp. 150.

[5] Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Miller v. United States, 2 Cir., 147 F.2d 372.

[6] DeBenque v. United States, 66 App. D.C. 36, 85 F.2d 202, 106 A.L.R. 839; Miller v. United States, 2 Cir., 147 F.2d 372.

[7] Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.

the probation was revoked, and he was sentenced to serve five years; (5) that he did not appeal from that judgment; and (6) that he now seeks not to reverse it for error, but to vacate it as invalid. It is quite plain that the sentence was not invalid, that the motion to vacate it was properly denied, and that the judgment appealed from should be affirmed.

