**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Andrew D. ADAMS, Defendant-Appellant.
No. 16506.**

United States Court of Appeals
Sixth Circuit.

June 21, 1966.

Pierce E. Cunningham, Cincinnati, Ohio (Court appointed), for appellant.

Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, for appellee, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on the brief.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

EDWARDS, Circuit Judge.

Defendant-appellant was tried and convicted before a jury in the United States District Court for the Northern District of Ohio. He was found guilty on all five counts of an indictment charging use of interstate wires to perpetrate a scheme to defraud the Akron Dime Bank in violation of Title 18 U.S.C. § 1343 (1964), and transportation across state lines of stolen money in violation of Title 18 U.S.C. § 2314 (1964).

On January 21, 1965, defendant was sentenced to serve a term of ten years on Count 3 and one year each on the other four counts, with all sentences running concurrently with each other. Defendant was then taken to a federal penitentiary to commence serving of his sentences.

Subsequently, the court's attention was called to the fact that the maximum sentence provided by Title 18 U.S.C. § 1343 was five years, whereas on Count 3 (charging violation of that statute) defendant-appellant had been sentenced to ten years.

On February 18, 1965, the District Judge vacated all of the sentences entered on January 21, 1965. Obviously seeking to correct the illegal sentence, while giving full effect to his originally intended ten-year total sentence, the District Judge then sentenced defendant to ten years on Count 2 and one year on all

the other counts, with all sentences to run concurrently. The effect of his action was to vacate the illegal ten-year sentence on Count 3 and reduce it to one year, and to vacate the legal sentence on Count 2 and increase it to ten years.

Appellant, appearing in forma pauperis by court appointed counsel, claims that the vacating of a legal sentence on Count 2 and the increase of it from one to ten years is not authorized by Rule 35 and is in violation of the constitutional prohibition against double jeopardy.

Rule 35 provides as follows:

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari." Rule 35 Fed.R.Crim.P.

This rule specifically authorized the correction of an "illegal sentence" and hence authorizes the District Judge to vacate the illegal ten year sentence on Count 3 and resentence in conformity with the statute. The rule also provides that the court "may reduce the sentence within 60 days after the sentence is imposed." It does not purport to provide for increasing the sentence.

■ The appellee argues that the District Judge was well within the authority of Rule 35 in vacating the ten year sentence on Count 3 and correcting same because the sentence was not authorized by the statute. There is much authority for this claim and we agree. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

The serious question posed by this case, however, is whether the District Judge also had legal and constitutional authority to vacate the perfectly legal sentence on Count 2 and increase it from one to ten years. As to this question appellee cites no authority, other than Bozza v. United States, 330 U.S. 160, 67 S.Ct.

645, 91 L.Ed. 818 (1947), where the error in sentence was discovered and corrected the same day and the increase in sentence amounted to adding a statutorily required fine of $100.

We do not deal in this case with a clerical error or an error corrected the same day. It is also clear that in this case the judge in administering the original sentence on Counts 2 and 3 made no mistake in confusing the counts or in failing to have accurately in mind the count upon which he thought the most severe sentence was warranted.

At the original sentencing on January 21, 1965, the District Judge said:

"THE COURT: * * * The third count was the bad one. That was the scheme whereby this money was taken back and forth everyday. On that count he is sentenced to 10 years.

"On the four other counts he will be sentenced to one year, all four of which will run concurrently with the 10 on Count III. * * *"

Thus it is clear to us that where an illegal (and correctable!) sentence was administered on Count 3, a perfectly legal sentence, entirely in accord with the judge's intention, was administered on Count 2.

■ When the defendant was removed to the federal penitentiary and started to serve his sentence, he was in jeopardy in the constitutional sense. Cisson v. United States, 37 F.2d 330 (C.A.4, 1930). Thereafter, it is clear to this court that the prohibition of the Fifth Amendment against double jeopardy prevented his being recalled for vacation of the legal sentence and the administration of a more severe one. Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); Wilson v. Bell, 137 F.2d 716 (C.A.6, 1943); Duggins v. United States, 240 F.2d 479 (C.A.6, 1957). See also Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499 (1940).

In *Lange* the United States Supreme Court said:

"It is the punishment that would legally follow the second conviction which is the real danger guarded

against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

"The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." *Ex parte Lange,* supra at 173.

In the present status of this case, there is no legal sentence which exceeds one year. If, as appears likely from the record before us, the prisoner has now served a full year, he has completed his legal sentence and must now be discharged.

Reversed and remanded for further proceedings consistent with this opinion.