UNITED STATES of America,
Appellee,

v.

Frank SACCO, Defendant-Appellant.

No. 25, Docket 30018.

United States Court of Appeals
Second Circuit.

Submitted Sept. 19, 1966.

Decided Oct. 19, 1966.

Lumbard, Chief Judge, dissented.

Frank Sacco, pro se.

Robert M. Morgenthau, U. S. Atty., Southern District of New York; Edward M. Shaw and John E. Sprizzo, Asst. U. S. Attys., Southern District of New York, for appellee.

Before LUMBARD, Chief Judge, WATERMAN and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On March 26, 1964 the appellant Sacco was convicted in the United States District Court for the Southern District of New York on two counts of an indictment, the first of which charged him, and two others, with transporting goods in interstate commerce, knowing that they had been stolen, Title 18 U.S.C. § 2314, for which the maximum penalty was ten years, and the second of which charged him and the two others with a conspiracy, Title 18 U.S.C. § 371, to commit the substantive count, for which

the maximum penalty was five years. On June 18, 1964 the trial court sentenced him to five years on the first count and seven years on the second count, to be served concurrently. The sentence on the second count was therefore two years in excess of the prescribed maximum.

After the appellant had served eight months on his sentences, he discovered the error and, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, moved to have it corrected. The trial judge denied Sacco's motion but granted a cross-motion by the Government to transpose the original sentences imposed on the two counts to bring the seven year sentence within the ten year permissible màximum of the first count. From these rulings of the trial court Sacco appeals on the ground that the act of the court in increasing the sentence on the first count from five to seven years, after he had commenced serving the sentences, violated his Fifth Amendment right against double jeopardy.

■ It is a well settled general rule that increasing a sentence after the defendant has commenced to serve it is a violation of the constitutional guaranty against double jeopardy. Ex Parte Lange, 18 Wall. 163, 21 L.Ed. 872 (1874); United States v. Benz, 282 U.S. 304, 307–309, 51 S.Ct. 113, 75 L.Ed. 354 (1931). The only question presently raised is whether an exception should be made to the general rule where, as in the case before us, the increase is for the purpose of carrying out what the sentencing judge says was his original intention, which was to impose a sentence of seven years on the first count and five years on the second.

This question is not a new one. The Sixth and Ninth Circuits have held that the *Lange* rule must be applied. Duggins v. United States, 240 F.2d 479 (6th Cir. 1957); Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964). Cf. United States v. Adams, 362 F.2d 210 (6th Cir. 1966). Dicta in the First Circuit is in accord, Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948), as is also dicta in the Fourth Circuit, United States v. Magliano, 336 F.2d 817 (4th Cir. 1964).[1]

Although there are no cases in point in this circuit, an analogous situation was presented in Miller v. United States, 147 F.2d 372 (2d Cir. 1945). Defendant there was sentenced on two counts to run consecutively. After serving part of the sentence, he moved to correct the sentence on the ground that the offense charged in the second count was a lesser included offense of that charged in the first count. This court agreed and ruled that the sentence under the second count was void; it held further that defendant could not be resentenced on the first count even though the statutory maximum for that offense exceeded the total of the sentences originally imposed on the two counts consecutively. To the same effect is United States v. Chiarella, 214 F.2d 838 (2d Cir.), cert. denied, 348 U.S. 902, 75 S.Ct. 226, 99 L.Ed. 708 (1954).

There is one case in point reaching a contrary result. Phillips v. Biddle, 15 F.2d 40 (8th Cir. 1926), cert. denied, 274 U.S. 735, 47 S.Ct. 576, 71 L.Ed. 1311 (1927). We note that the Eighth Circuit in its opinion made no effort to explain or distinguish Ex Parte Lange and, in fact, did not mention it.

■ We are of the opinion that a judge should not be permitted to increase a sentence clearly and explicitly imposed, after the prisoner has begun to serve it, even though the judge later recollects that he had intended at the time to decree a longer sentence for a conviction on a particular count but did not do so because he had inadvertently confused it with another count. This is not the case of an error in reporting or a purely clerical error or a judicial mistake corrected the same day or the imposition of a sentence of less than a

---

1. But cf. an older Fourth Circuit case, Kitt v. United States, 138 F.2d 842 (4th Cir. 1943), which leans the other way.

mandatory minimum or similar flaws which present quite different problems. The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners.

■ The order of the District Court denying appellant's motion to correct his sentence on count two by reducing it from seven to five years, and the order granting the Government's counter-motion to transpose the sentences, are reversed; the sentence originally imposed on the petitioner under count two is hereby ordered reduced from seven to five years.

LUMBARD, Chief Judge (dissenting):

I dissent.

I would affirm the order of the district court which corrected the record so that it would reflect what the court intended to do upon sentence, what the court then had the power to do, and what everyone understood the court had the power to do at that time, namely, to impose a sentence of seven years on one count and a sentence of five years on the other count.

The majority opinion, in my view, is a boot-strap argument which justifies reversal of the order of the district court by calling it a name and that name is "increasing the sentence." This is simply contrary to fact. The district judge was not increasing the sentence when he corrected the record. The sentence remained the same; the record was merely corrected so that the seven-year sentence would rest on the basis which was always there, namely, the conviction on count one. No one noticed the error at the time of sentence; no one supposed that the judge was doing anything beyond his power. The judge was in error not as to his power to impose a seven-year sentence but only as to which count

gave him the power. What he did at the time of the sentence was correctly done except for the inadvertent error of miscalling the count. This distinguishes this case from those cited by Judge Anderson. There is no case in this Circuit or elsewhere which requires us to hold that the court may not correct such an error.

Does anyone doubt for a moment that the judge could have made this correction on the day of sentence? See Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). If this is so it seems to me that the record may be corrected at any time so long as the intent of the court is crystal clear, as it is here, from the record and from what the judge himself has said. See Rule 36, Federal Rules of Criminal Procedure;[1] also United States v. Adams, 362 F.2d 210, 211 (6 Cir. 1966) (dicta). Here Judge Cannella was the sentencing judge, and it was he who corrected the record on the government's motion. In his written opinion he stated that the sentences were transposed through "inadvertence and error."

We ill-serve the administration of criminal justice when we say that it is error for a court to correct its own record. The defendant is no worse off by the correction than he thought he was originally. Indeed, everyone believed him to be serving his seven-year sentence—a sentence which the court was fully empowered to impose. Thus the court embraces an inconsequential technicality, giving the defendant a wholly unmerited windfall. A decision such as this only serves to support the view of a substantial proportion of the public that the recent decisions of many appellate courts tend to give every conceivable advantage to defendants and to fault the trial courts and the government upon every pretext, however insubstantial.

I would affirm the order of the district court.

---

1. Rule 36, Federal Rules of Criminal Procedure:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."