**Marvin McCLAIN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 1393, Docket 80–2021.

United States Court of Appeals, Second Circuit.

Argued July 21, 1980.

Decided March 2, 1981.

Phylis Skloot Bamberger, New York City (The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for petitioner-appellant.

Benito Romano, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City, of counsel, Gregory L. Diskant, Asst. U. S. Atty., New York City, on the brief), for respondent-appellee.

Before VAN GRAAFEILAND and NEWMAN, Circuit Judges, and NEAHER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of Judge Cooper of the United States District Court for the Southern District of New York which denied appellant's petition for vacation of an allegedly illegal sentence. For reasons hereafter expressed, we vacate the sentence in its entirety and remand for resentencing.

There is no dispute as to the facts. In July 1975 appellant participated in an armed bank robbery during which he shot a guard. Appellant was arrested shortly after the robbery and indicted for bank robbery, 18 U.S.C. § 2113(a), and armed bank robbery, 18 U.S.C. § 2113(d). Subsequently, a superseding indictment was handed down adding a count under 18 U.S.C. § 924(c) for commission of a felony while armed.

Appellant had indicated a willingness to plead guilty to the original indictment, which carried a maximum term of twenty-five years, but balked when the section 924(c) count was added, thereby increasing the possible maximum sentence by ten years. He pled guilty only after receiving assurances from the court that it would not sentence him for longer than twenty-five years, the maximum under the original indictment. Judge Cooper then imposed a sentence of fifteen years on the charges under sections 2113(a) and 2113(d), which were merged for sentencing, and a ten-year consecutive sentence on the section 924(c) charge.

In 1978 the Supreme Court decided *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), in which it held that a defendant convicted under 18 U.S.C. § 2113(d), which contains its own enhancement provisions for armed robbery, could not be sentenced also under section 924(c). This Circuit followed with *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979), in which we held that the Government could not even prosecute a defendant under section 924(c) when the underlying felony was prosecutable under section 2113(d).

In a decision handed down three weeks after *Grimes*, Judge Cooper denied appellant's petition for vacation of his sentence, finding that neither *Simpson* nor *Grimes* should be given retroactive effect. Judge

* For the Eastern District of New York, sitting by designation.

Cooper's decision is reported in 478 F.Supp. at 732, and familiarity with it is assumed.

After the appeal from Judge Cooper's order was filed, petitioner's cause received added support from the Supreme Court's decision in *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). There the Court held that "prosecution and enhanced sentencing under § 924(c) is simply not permissible where the predicate felony statute contains its own enhancement provision." *Id.* 446 U.S. at 402, 100 S.Ct. at 1751. The Court said that this was the intent of Congress when it enacted section 924(c). That being so, we conclude that the Government did not have authority to prosecute appellant for violating section 924(c), and his conviction on that count cannot stand.

Neither *Busic* nor *Grimes* is a proper case for the three-pronged retroactivity test of *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965). The issue in *Busic* and *Grimes* was whether the defendants' conviction and punishment under section 924(c) were for acts that the law did not make criminal. If they were, there was a "complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974), *quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Indeed, since "[o]ne may be subjected to punishment for crime in the federal courts only for the commission or omission of an act defined by statute," *Viereck v. United States,* 318 U.S. 236, 241, 63 S.Ct. 561, 563, 87 L.Ed. 734 (1943), some cases hold that federal courts are without subject matter jurisdiction to try a defendant for acts which a federal statute does not proscribe. *United States v. Rider,* 282 F.2d 476, 478 (9th Cir. 1960); *Martyn v. United States,* 176 F.2d 609, 610 (8th Cir. 1949); *see Grimes v. United States, supra,* 607 F.2d at 11; *United States v. Loschiavo,* 531 F.2d 659, 662 (2d Cir. 1976).

We need not consider the issue of jurisdiction. Whatever reasoning is employed, the *Linkletter* test for retroactivity is not appropriate. *See Robinson v. Neil,* 409 U.S.

505, 506–11, 93 S.Ct. 876, 879, 35 L.Ed.2d 29 (1973). Under the simpler and less complicated tests of fundamental fairness and due process, *see United States v. Loschiavo, supra,* 531 F.2d at 665–67; *United States v. Liguori,* 438 F.2d 663, 668–69 (2d Cir. 1971), a defendant who has been convicted under section 2113(d) could not also be convicted under section 924(c).

Having determined that appellant is entitled to relief, the question remains what relief he should have. Relying upon *Miller v. United States,* 147 F.2d 372 (2d Cir. 1945), and *United States v. Sacco,* 367 F.2d 368 (2d Cir. 1966), appellant contends that this Court can do no more than vacate the portion of his sentence that was imposed under section 924(c). We disagree. The decision in *Miller* was based upon the then generally accepted rule that a valid sentence could not be set aside and a new sentence of greater severity imposed after the expiration of the term. 147 F.2d at 372. The decision in *Sacco* was based upon the "general rule that increasing a sentence after the defendant has commenced to serve it is a violation of the constitutional guaranty against double jeopardy." 367 F.2d at 368. The Supreme Court's recent decision in *United States v. DiFrancesco,* —— U.S. ——, ——, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980), sheds new light on these rules and may perhaps have made *Miller* and *Sacco* less authoritative precedents than they theretofore had been.

We need not, however, concern ourselves with that question at the present time. If we vacate appellant's entire sentence and remand for resentencing on only the section 2113(d) charge, the district court may or may not increase the fifteen-year sentence already imposed. If the District Court intends to consider the imposition of an increased sentence, it should afford an opportunity to have the propriety of such an increase briefed and argued; if such an increase is imposed, its propriety will of course be subject to consideration in this Court upon appeal. *See Busic v. United States, supra,* 446 U.S. at 412 n. 19, 100 S.Ct. at 175 n. 19.

We limit our decision on this appeal to holding that we may vacate appellant's entire sentence under the general supervisory powers granted us by 28 U.S.C. § 2106. *See Johnson v. United States*, 619 F.2d 366, 368–69 (5th Cir. 1980); *United States v. Moore*, 540 F.2d 1088, 1091 (D.C.Cir.1976); *Kitt v. United States*, 138 F.2d 842, 843 (4th Cir. 1943); *Phillips v. Biddle*, 15 F.2d 40, 41 (8th Cir. 1926).

The sentence imposed upon appellant for violation of both the merged charge under sections 2113(a) and 2113(d) and the charge under section 924(c) is vacated in its entirety, and the matter is remanded to the district court for sentencing under section 2113(d) only.