UNITED STATES of America, Appellee,

v.

Alfred CALABRESE, Defendant-Appellant.

No. 705, Docket 84–1340.

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1985.

Decided Feb. 19, 1985.

Irwin Klein, New York City, for defendant-appellant.

Neil Cartusciello, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty.,

Stuart Abrams, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, NEWMAN and KEARSE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal raises issues concerning sentencing under the "dangerous special offender" provisions of the Criminal Code, 18 U.S.C. § 3575 (1982). Alfred Calabrese appeals from a judgment of the District Court for the Southern District of New York (Robert J. Ward, Judge) convicting him and a co-defendant, after a jury trial, of drug and firearms offenses. The charges were based primarily on Calabrese's efforts to sell several kilograms of cocaine to an undercover agent. Since the evidence is not claimed to be insufficient and has no bearing on the issues raised on appeal, it need not be described. Calabrese contends that his conviction should be reversed because some reference to section 3575 was improperly made to the trial judge prior to the verdict. He also contends that the sentence was unlawful because on two counts the trial judge relied on section 3575 to enhance the sentences even though the resulting sentences did not exceed the normal statutory maximums. Finding merit in only the second contention, we affirm the convictions but remand for resentencing on Counts 1 and 2.

Section 3575 provides a special sentencing procedure for a defendant who is a "special offender" and is "dangerous." A defendant may be found to be a "special offender" if either his prior criminal record or his conduct in committing the felony for which he is to be sentenced meets the statutory criteria.[1] 18 U.S.C. § 3575(e). A

---

1. The statute provides in relevant part:
    (e) A defendant is a special offender for purposes of this section if—
    (1) the defendant has previously been convicted in courts of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for two or more offenses committed on occasions different from one another and from such felony and punishable in such courts by death or imprisonment in excess of

one year, for one or more of such convictions the defendant has been imprisoned prior to the commission of such felony, and less than five years have elapsed between the commission of such felony and either the defendant's release, on parole or otherwise, from imprisonment for one such conviction or his commission of the last such previous offense or another offense punishable by death or imprisonment in excess of one year under applicable laws of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the

defendant may be found to be "dangerous" "if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant." *Id.* § 3575(f). A "dangerous special offender" may be sentenced up to a maximum of 25 years, notwithstanding the statutory maximum otherwise specified for the felony of which he has been convicted. *Id.* § 3575(b). Prior to trial the prosecutor may file with the court a notice alleging that the defendant is a "dangerous special offender" and detailing the reasons for such designation. *Id.* § 3575(a). Of special pertinence to this appeal, the statute provides: "In no case shall the fact that the defendant is alleged to be a dangerous special offender ... be disclosed ... before any ... verdict ... to the presiding judge without the consent of the parties." *Id.*

1. Prior to trial the prosecutor filed under seal with Judge Cannella, then sitting in the motions part, a notice to designate Calabrese as a "dangerous special offender." The notice remained under seal throughout the trial before Judge Ward and was not unsealed until after the verdict. However, just prior to jury selection, Judge Ward became aware of the filing of the section 3575 notice under the following circumstances. In open court Judge Ward stated that he was under the impression that the Government intended to file an information, and he reminded the prosecutor that if this was to occur, an additional arraignment would be required prior to jury selection. The following colloquy ensued:

> The prosecutor: Your Honor, we had filed a superseding indictment, if that's what your Honor—

> The Court: No, I am talking about enhancing the penalties.

> The prosecutor: Yes, sir, under Section 3575, your Honor, that matter is filed under seal before a judge other than the presiding judge. I will direct your Honor's attention to Title 18, Section 3575, I believe it's in Paragraph A: "In no other [*sic*] case shall the fact that the defendant is alleged to be a dangerous special offender, et cetera, et cetera."

> The Court: That's not what I am talking about. Mr. Calabrese, for example, has a prior felony conviction. Unless and until you serve and file an information charging him as a convicted felon and he is arraigned, my understanding is that you cannot seek enhanced penalties....

> The prosecutor: Your Honor, neither of these defendants has prior narcotics offenses.

> The Court: I see.

> The prosecutor: And they simply must be notified the basis upon which the government will seek enhanced sentencing, and what those prior convictions are, and we have so notified the defendants.

Judge Ward then queried defense counsel and was assured that they had received a notice of request for enhanced penalties.

Appellant contends that the prosecutor's reference to section 3575 and to the fact of notifying the defendants of a request for enhanced penalties violated section 3575(a)'s prohibition against premature disclosure to the trial judge. Whether or not violation of this prohibition requires vacation of the portion of a sentence enhanced pursuant to section 3575 when the violation

United States, any political subdivision, or any department, agency or instrumentality thereof; or

(2) the defendant committed such felony as part of a pattern of conduct which was criminal under applicable laws of any jurisdiction, which constituted a substantial source of his income, and in which he manifested special skill or expertise; or

(3) such felony was, or the defendant committed such felony in furtherance of, a conspiracy with three or more other persons to engage in a pattern of conduct criminal under applicable laws of any jurisdiction, and the defendant did, or agreed that he would, initiate, organize, plan, finance, direct, manage, or supervise all or part of such conspiracy or conduct, or give or receive a bribe or use force as all or part of such conduct.

18 U.S.C. § 3575(e).

occurs without the knowledge of the defendant, *see United States v. Darwin,* 742 F.2d 1325 (11th Cir.1984), or when prompt objection is made to premature disclosure of the contemplated use of section 3575, *see United States v. Bailey,* 537 F.2d 845 (5th Cir.1976), *cert. denied,* 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 767 (1977), it is clear that such relief is not warranted in the circumstances of this case.

The reference to a section 3575 submission occurred in open court, in the presence of the defendant and his counsel, in response to an inquiry from the trial judge. That inquiry apparently sought to ascertain whether the prosecutor intended to seek enhanced penalties pursuant to 21 U.S.C. § 841(b) (1982), which authorizes increased penalties for narcotics offenders with prior narcotics convictions. Obviously feeling obliged to make some relevant response to the judge's inquiry concerning "enhancing the penalties," the prosecutor understandably mentioned the filing of notice under section 3575 and simultaneously called the judge's attention to the prohibition against premature disclosure. No details of the section 3575 submission were mentioned, and the judge made clear that section 3575 was not what he had been asking about.

■ Through the entire colloquy, defense counsel neither objected to the prosecutor's premature disclosure nor sought the recusal of the trial judge. Moreover, at sentencing counsel made no claim that the premature disclosure barred use of the enhancement provisions of section 3575. Having totally failed to complain of the premature disclosure in the District Court, appellant may not raise an issue of this sort for the first time on appeal. *See United States v. Young,* 745 F.2d 733, 754–55 (2d Cir.1984); *United States v. Natelli,* 527 F.2d 311, 329 (2d Cir.1975), *cert. denied,* 425 U.S. 934, 96 S.Ct. 1663, 48 L.Ed.2d 175 (1976).

2. Appellant's challenge to the substantive validity of the sentence imposed is more troublesome. Calabrese was convicted on six counts. Counts 1 and 2 charged conspiracy and attempt to distribute cocaine. 21 U.S.C. § 846. Count 3 charged unlawfully carrying a firearm during the commission of a felony, 18 U.S.C. § 924(c), and Count 4 charged interstate transportation of a firearm by a previously convicted felon, *id.* § 922(g). Counts 5 and 6 charged interstate travel in furtherance of an unlawful activity. *Id.* § 1952. In imposing sentence, Judge Ward first determined that Calabrese was a "special offender" because of both his prior record of convictions and the nature of the conduct resulting in his current convictions. *Id.* § 3575(e)(1), (2). Having determined that Calabrese was "eligible for enhanced sentences," Judge Ward then imposed sentence as follows: Counts 1, 2 and 3—10 years plus "a five-year enhanced term" for a total of 15 years on each count; Count 4—5 years "with enhancement of five years" for a total of 10 years; Counts 5 and 6—5 years on each count with no enhancement. All sentences were to run concurrently for an aggregate sentence of 15 years.

■ Calabrese's claim arises from the fact that the maximum sentence normally available on Counts 1 and 2, without enhancement, was 15 years. 21 U.S.C. §§ 841, 846. Section 3575(f) specifies that a defendant is "dangerous" if a period of confinement longer than that provided for the felony for which he has been convicted is required to protect the public. We have previously ruled that it is inconsistent for a sentencing judge to make a finding of dangerousness under section 3575 and then impose a sentence *within* the maximum provided by the statute under which the defendant was convicted. *United States v. DiFrancesco,* 658 F.2d 33, 38 (2d Cir.1981) (decision after remand from Supreme Court). Perhaps Judge Ward assumed that, since he had determined that sentences longer than the statutory maximums were warranted for Counts 3 and 4 (for which the maximums were 10 and 5 years, respectively), Calabrese was "dangerous" for purposes of section 3575 and his sentence could be enhanced on Counts 1 and 2 as well. Though that would be a plausible approach, since it avoids the

anomaly of designating a defendant "dangerous" with respect to one count but not "dangerous" with respect to another, it is foreclosed by the terms of the statute and by our decision in *DiFrancesco*. The determination of whether the defendant is "dangerous" is related by section 3575(f) to "such felony," meaning the specific felony charged in the count on which the defendant is to be sentenced. Moreover, as we said in our first encounter with DiFrancesco's appeal, "the application of § 3575 depends on a particularized determination with regard to each of the felonies for which dangerous special offender sentencing is sought." *United States v. DiFrancesco*, 604 F.2d 769, 781 n. 13 (2d Cir.1979), *rev'd on other grounds*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

■ Though Judge Ward was entitled to sentence Calabrese up to 15 years on each of Counts 1 and 2, pursuant to 21 U.S.C. §§ 841, 846, and could have enhanced the sentence on those counts beyond 15 years pursuant to 18 U.S.C. § 3575, he could not rely on section 3575 to impose "a five-year enhanced term" on those counts and at the same time impose an aggregate sentence on each count within the normal statutory maximum. Though the "enhanced term" was improperly included in the sentences on Counts 1 and 2, it does not follow that we must reduce those sentences to 10 years, as appellant contends. Since Judge Ward imposed ·15 years on each of these counts and since the statutory maximum without enhancement is 15 years, he is entitled to determine, on remand, what sentence, up to that 15-year maximum, he considers appropriate. *Cf. McClain v. United States*, 643 F.2d 911 (2d Cir.) (remand for resentencing where 15-year sentence on count charging armed bank robbery was improperly enhanced by 10-year sentence on separate count charging commission of felony while armed), *cert. denied*, 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424 (1981). He may not sentence above 15 years, since the Government did not take a cross-appeal seeking a "more severe" sentence pursuant to 18 U.S.C. § 3576.

Accordingly, the convictions on all counts are affirmed, the sentences on Counts 3, 4, 5, and 6 are affirmed, the sentences on Counts 1 and 2 are vacated, and the case is remanded for resentencing on Counts 1 and 2 in accordance with this opinion.