George Irwin **PLIES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24968.

United States Court of Appeals,
Ninth Circuit.

Sept. 2, 1970.

Philip G. Kaplan, St. Louis, Mo., for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on the brief.

Before GIBSON and LAY, Circuit Judges, and HUNTER, District Judge.

Leslie C. Nichols (argued), Los Gatos, Cal., for appellant.

Wm. B. Shubb (argued), Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Richard V. Boulger, Asst. U. S. Atty., Fresno, Cal., for appellee.

Before HAMLEY and TRASK, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction, based on a jury verdict of guilty, on a one-count indictment charging appellant with robbery of a national bank in violation of Title 18, U.S.C. § 2113(a).

The specifications of error relied on by appellant are (1) that the police line-up conducted on July 2, 1969, was impermissibly suggestive and deprived the appellant of due process of law, and (2) that the trial court erred in permitting the appellant to testify in regard to his prior felony convictions without first conducting a hearing to determine whether the prejudicial effect of such testimony would outweigh the probative value of such testimony.

A careful examination of the record of the trial clearly reveals that there is no merit to either of appellant's specifications of error and that the judgment of conviction must be affirmed.

Although the appellant raises the question of the impropriety of a line-up conducted by the police department in Visalia, California, for identification purposes, the record discloses that only a brief reference was made in regard to such line-up in the trial court by way of cross-examination of a government witness, Patricia Ann Ward, the receptionist at the Lamplighter Motel. This witness apparently could not identify the appellant at the line-up but did identify him in court as the person who registered and paid for a room at the motel, which room he did not occupy.

No other proceedings were had or questions raised at the trial in regard to the line-up.

■ It is clear from the record that no showing of any kind or nature was made at the trial that either the taxicab driver who placed the appellant at the scene of the robbery or the teller who was robbed at the bank were in any way influenced by the line-up in their respective in-court identifications of the appellant. Furthermore, they were not examined or cross-examined in regard to the effect of the line-up on their in-court identifications of the appellant. The record conclusively shows that their in-court identifications of appellant were made independent of the line-up. There is nothing in the record here that remotely indicates or suggests that the confrontation at the line-up was so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny appellant due process of law. Cf. Coleman v. State of Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970); United States v. Phillips, 427 F.2d 1035 (9th Cir., decided June 2, 1970); Borchert v. United States, 405 F.2d 735 (9th Cir. 1968), cert. denied, 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969). The cases of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), cited by the appellant, are inapposite to this case.

According to the briefs filed in this court it appears to be conceded that appellant was represented by counsel at the line-up although that counsel did not represent appellant at the trial. There is no contention made that his counsel did not competently and ably represent him at the trial, and as we view the record no such contention could be successfully made. Subsequent to the trial and conviction of appellant his trial

---

* Hon. Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

attorney withdrew from the case, and appellant is represented on this appeal by another attorney.

 The trial court did not err in not preventing appellant's trial attorney from examining appellant in regard to his prior felony convictions. In response to interrogation by appellant's counsel the appellant freely and voluntarily related a history of prior convictions for robbery. Apparently appellant and his counsel considered this procedure to be a good trial tactic in order to avoid the impact of having the prior convictions brought out by the United States Attorney. This is not a case where the government threatened to or did raise the question of prior convictions of a defendant. Appellant argues that the rule adopted in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), heretofore rejected in this court in Burg v. United States, 406 F.2d 235 (9th Cir. 1969), should be adopted in this circuit. Assuming that the rule announced in *Luck* were acceptable here it would not be applicable to the situation in this case. See Shorter v. United States, 412 F.2d 428 (9th Cir. 1969).

Affirmed.

Mr. Justice Blackmun, who sat on panel before elevation to United States Supreme Court, did not participate in consideration or decision of case.