**UNITED STATES of America, Appellee,**

v.

**David B. BARASH, Appellant.**

**No. 347, Docket 35449.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 20, 1970.

Decided Nov. 4, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 928.

Lloyd A. Hale, New York City (Louis Bender, New York City on the brief), for appellant.

James T. B. Tripp, Asst. U. S. Atty., Southern District of New York (Whitney North Seymour, Jr., U. S. Atty., and Gary Naftalis, Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

At the time the prior appeal, which challenged the legality of the sentences ordered by the district court on November 18, 1969, was argued before this court on April 28, 1970, Barash was serving concurrent sentences of seven months on each of 11 out of 15 counts [1]

---

1. The 11 counts were 21 through 26 inclusive and 28 through 32 inclusive. On the other four counts which were counts 8, 10, 18 and 20, the court imposed 5 years imprisonment, suspended and 5 years probation on counts 8 and 10; and imposed 2 years imprisonment, suspended and 5 years of probation on counts 18 and 20. The sentences in these four counts were to run concurrently with each other but not with the sentences imposed on the eleven counts.

of the indictment. On each of these 11 counts the district court had also ordered the payment of a fine of $1000 for which he was to stand committed until paid.[2] In this court's decision of June 17, 1970 (428 F.2d 328) all of the sentences, covering the 15 counts (more particularly described in the opinion), imposed after the second trial, of which the seven months of imprisonment were only a part, were declared illegal and void because they exceeded the penalty of concurrent sentences of one year and one day imposed by the district court on these counts after Barash's original conviction. Our decision was governed by United States v. Coke, 404 F.2d 836 (2 Cir. 1968), and the Supreme Court holdings in North Carolina v. Pearce and Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In that decision we considered and disposed of the appellant's claim that he was then serving concurrent sentences of seven months imprisonment, plus $11,000 in fines, imposed by the district court on November 18, 1969, and that a reimposition of the original sentence, ordered after his first trial, of one year and a day would place him in double jeopardy, as, he asserts, any increase over the seven months he was serving would do even though he was given full credit for the time he had served. We held that where Barash had invoked the *Coke, Pearce* and *Rice* cases to reduce and correct the sentences imposed on him on November 18, 1969, as illegal, because they were greater than the concurrent one year and one day sentences imposed on him after his first trial and conviction, the district court on remand could impose any sentence equal to or less than the original one year and one day sentences, provided Barash were credited with the time actually served. We further held that any sentence less than the one year and one day but more than what he had actually served would not constitute double jeopardy.

On remand the district court, on September 10, 1970, imposed concurrent sentences of 10 months on each of the 15 counts.

The only difference in the present facts of the case as now disclosed to us is that Barash, due to the crediting of good time earned, completed his seven months imprisonment a short time prior to the date of our decision, June 17, 1970.[3] This is not a significant difference, and our holding that he is not entitled to have his sentences limited to the seven months he elected to serve must stand as fully adjudicated in our prior decision.

The appellant again refers to a number of cases in which it was held to be double jeopardy for a court to increase a sentence of imprisonment after the defendant had commenced serving the sentence first imposed upon him. None of these cases concerned or arose in the context of the application of the principle enunciated in *Pearce* and *Rice*. In those cases the Court in effect ordered the reinstatement of the original sentences imposed after the first trial and conviction. While in those cases the prisoners had served more than the original sentences called for and were released, there is no reason to suppose that in the present case this court could not have ordered the reinstatement of the one year and one day sentences. Rather than do so, this court remanded the case to the district court so that it could consider any new extenuating circumstances which may have come to

---

2. Following the district court's amended judgment of November 18, 1969 the appellant paid his total fines of $21,000. After the judgment of November 18, 1969 was set aside by this court on June 17, 1970, the Clerk of the District Court on August 20, 1970 fully reimbursed the appellant for the $21,000 paid.

3. The full seven months of imprisonment would have been completely served by the appellant on June 24, 1970. The opinion and judgment of this court were filed on June 17, 1970. Because of earned good time, the appellant was actually released on May 8, 1970. Pending the resolution of the issues which are the subject matter of this appeal, he is at large on bail.

light and exercise its discretion in ordering a lesser sentence. Both the principle of *Pearce* and *Rice* and our remand for consideration of a lesser penalty were designed for the benefit of the convicted man.

■ On the previous appeal, decided in his favor, he argued that the penalties affixed to the 11 counts, i. e. concurrent sentences of seven months, plus $11,000 in fines, plus the order that he stand committed for an indefinite period until the fines were paid, constituted an increase in punishment over the bench mark allowed by the principle of the *Pearce* and *Rice* cases, which was the original sentence of a year and a day. He now argues that because he has served the seven months imprisonment which he describes as the "legal" portion of these otherwise invalid multiple provision penalties,[4] he cannot be given a sentence in excess of seven months; and that, while the court must declare illegal and relieve him of all of the other provisions of the penalties except the seven months term of imprisonment, it is barred from reinstating the original sentence or any lesser sentence between seven months and the original one year and one day. But the appellant cannot invoke his right to have the more severe sentences imposed after his conviction on a new or second trial reduced to a penalty which does not exceed the sentence imposed after his first conviction and in the next breath assert that the court has no power to do this because he has paid some portion of the second conviction penalty through serving part or all of an illegally imposed sentence or has paid all or part of an illegally exacted fine.

■ We conclude that, for the purpose of applying the principle of the *Pearce* and *Rice* cases, the imposition by the district court of the concurrent 10-month sentences on 11 counts, against which the seven months already served by the appellant were credited, does not on the facts and circumstances of this case constitute double jeopardy.

There also remain the other four counts, 8, 10, 18 and 20 which are not concerned with the claims made by the appellant about the seven months imprisonment imposed on the other 11 counts. In the district court's judgment of November 18, 1969, two of these four, carried sentences of five years and two of two years, all with suspension, probation and fines, of which the sentences were to run concurrently with each other but not with the other 11 counts. The appellant does not pluck out some portion of these penalties and call it "legal." On remand the district court, on September 10, 1970, imposed concurrent sentences of 10 months on each of the four counts and Barash was credited with the seven months which he had served, which in effect made the service of the sentences on the four counts concurrent with service of the sentences on the 11 counts. But Barash was never sentenced to less than 10 months on the four counts and the appellant has offered no persuasive reason why he should not serve the remaining three months on those counts.

The judgment of the district court is affirmed.

---

4. To show consistency with his claim that the seven months sentences imposed on eleven of the counts were "legal," he asserts in his present brief that he never appealed from the seven months imprisonment portion of the sentences but only from the fines and terms of probation. His notices of appeal and motion for correction and reduction of sentence made no such distinction. In our opinion of June 17, 1970, we expressly stated that the motion for correction was directed at the sentences "including the time to be served, the fines, suspended sentences and probation with its conditions, * * *."