UNITED STATES of America, Appellee,

v.

Lewis MARKUS, Defendant-Appellant.

No. 641, Docket 78–1400.

United States Court of Appeals,
Second Circuit.

Argued March 7, 1979.

Decided Aug. 3, 1979.

Roger A. Lowenstein, Newark, N. J. (Lowenstein, Sandler, Brochin, Kohl & Fisher, Newark, N. J., of counsel), for defendant-appellant.

Lawrence F. Ruggiero, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Howard W. Goldstein, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FRIENDLY, SMITH and MANSFIELD, Circuit Judges.

MANSFIELD, Circuit Judge:

Lewis Markus appeals from an order of the United States District Court for the Southern District of New York, Edward Weinfeld, *Judge*, entered on October 26, 1978, denying Markus' motion to reduce his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Markus contends that his sentence, imposed on September 12, 1978, after a guilty plea, violates the Double Jeopardy and Due Process Clauses.

Markus was originally indicted in the Southern District of New York on April 11, 1975. That indictment, 75 Cr. 365, contained three counts. The first count charged that Markus and three co-defendants conspired to pass and sell two counterfeit United States Treasury Bills in $100,000 denominations, in violation of 18 U.S.C. § 371. Count Two charged the defendants with possession of the counterfeit Treasury Bills with the intent to defraud, in violation of 18 U.S.C. §§ 472 and 2. Count Three charged the defendants with selling the two counterfeit Treasury Bills with the intent that they be passed and published as true and genuine, in violation of 18 U.S.C. §§ 473 and 2.

Markus was also indicted in the Eastern District of Louisiana on October 2, 1975. That indictment was transferred pursuant to Rule 20, Fed.R.Crim.P., to the Southern District of New York on January 22, 1976, and became 76 Cr. 73. In Count One of that indictment Markus was charged with conspiracy to make false statements to a bank, in violation of 18 U.S.C. § 371. Three other counts charged Markus with substantive violations of 18 U.S.C. §§ 1014 and 2 (false statements upon an application to a federal agency or bank for a loan).

On February 19, 1976, Markus pleaded guilty before Judge Werker of the Southern District of New York to Counts One and Three of 75 Cr. 365 and to all four counts of 76 Cr. 73.[1] On April 30, 1976, Judge Werker sentenced Markus to five years' imprisonment on Count One of 75 Cr. 365 and ten years' imprisonment on Count Three of 75 Cr. 365, the sentences to run concurrently.

---

1. Count Two of 75 Cr. 365 was subsequently dismissed.

In 76 Cr. 73, Markus was sentenced to five years' imprisonment on Count One, to run concurrently with sentences of one year imprisonment on each of Counts Two, Three and Four. All sentences in 76 Cr. 73 were to run consecutively to the sentences in 75 Cr. 365. The sentences in 75 Cr. 365 were to run concurrently with a five-year term of imprisonment imposed on April 26, 1976, in the District of New Jersey for securities fraud. Thus the combined sentences imposed on Markus in 75 Cr. 365 and 76 Cr. 73 totalled fifteen years.

On March 14, 1978, Markus filed a motion to vacate the convictions in 75 Cr. 365 and 76 Cr. 73 pursuant to 28 U.S.C. § 2255. The only portion of the motion relevant to this appeal was Markus' contention that there was an inadequate factual basis for his guilty plea in 75 Cr. 365. At his allocution, Markus had stated that "I didn't know the [Treasury] bill was a counterfeit. I thought it was stolen, that is the truth of the matter, and then later on I found out it was counterfeit when the agent told me it was counterfeit." On July 10, 1978, Judge Werker ruled that the record was "devoid of any statements which would suffice to show that Markus knew that the bills were counterfeit." Since the Government conceded that in order to secure a conviction in 75 Cr. 365 it would have had to prove beyond a reasonable doubt that Markus knew the bills were counterfeit at the time of the conspiracy and sale, Judge Werker "reluctantly" vacated the judgment of conviction on the two counts in 75 Cr. 365.[2]

The Government filed a superseding information in 75 Cr. 365 on August 25, 1978, charging Markus with conspiracy to defraud the United States by attempting to sell "purportedly stolen" Treasury Bills in $100,000 denominations, in violation of 18 U.S.C. § 371. Markus pleaded guilty that same day before Judge Weinfeld. On September 12, 1978, Judge Weinfeld sentenced Markus to five years' imprisonment to run consecutive to various other federal sentences then being served by the defendant: (1) the five-year term imposed in the District of New Jersey on April 26, 1976, for securities fraud; (2) the five-year term and concurrent one-year terms imposed by Judge Werker on April 30, 1976, in 76 Cr. 73; (3) a four-year term imposed on October 22, 1976, in the Western District of Kentucky for violating 18 U.S.C. § 1014, to run concurrently with the New Jersey and 76 Cr. 73 sentences; (4) a five-year term imposed on December 8, 1976, in the Eastern District of Louisiana for interstate transportation of forged securities, to run concurrently with the previous sentences; (5) a two-year term imposed on March 29, 1977, in the Northern District of Ohio for violating 18 U.S.C. § 1014, to run concurrently with the previous sentences.

By letter dated September 21, 1978, Markus moved pursuant to Rule 35, Fed.R. Crim.P., to modify the sentence imposed by Judge Weinfeld so as to make it run concurrently with the other federal sentences. Markus argued that if the sentence remained a consecutive one, he would be denied credit for time already served pursuant to Judge Werker's original sentence in 75 Cr. 365 in violation of the Double Jeopardy Clause. Markus also contended that the imposition of a consecutive sentence instead of the concurrent sentence previously imposed by Judge Werker impermissibly increased his sentence in violation of the Due Process Clause.

Judge Weinfeld denied the motion by order filed October 27, 1978. He ruled that the issue of credit for time served was governed by 18 U.S.C. § 3568 and therefore Markus should bring an "appropriate proceeding" pursuant to that statute at such time as he might believe he was entitled to release. Judge Weinfeld also noted that "the sentence imposed by this Court is half

---

2. Judge Werker denied that portion of Markus' motion relating to the conviction in 76 Cr. 73. Markus contended that merely depositing worthless coupons with a bank for collection did not violate 18 U.S.C. § 1014 because no advance upon the deposit was ever made. Judge Werker ruled that the deposit was intended to influence the bank with respect to an advance in the future and therefore violated the statute even if no actual advance had been made. Markus did not appeal this ruling.

that imposed by Judge Werker—a total of ten years on the several counts of the indictment before him—which sentences were vacated." Judge Weinfeld concluded that "[t]he attempt to bring this matter, which was based upon a subsequent information, within *North Carolina v. Pearce*, 395 U.S. 711 [89 S.Ct. 2072, 23 L.Ed.2d 656] (1969), is without substance."

Markus now appeals the denial of his Rule 35 motion. He argues that both the Double Jeopardy Clause and the Due Process Clause have been violated, and that *North Carolina v. Pearce, supra*, mandates a concurrent sentence in 75 Cr. 365.

## DISCUSSION

 The Double Jeopardy Clause "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *North Carolina v. Pearce, supra*, 395 U.S. at 718–19, 89 S.Ct. at 2077 (footnote omitted). See also 18 U.S.C. § 3568 ("The Attorney General shall give such [convicted] person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed"). Markus contends that he is being denied credit for time served, based on a letter from one D.W. Storer, Records System Manager for the Bureau of Prisons at the United States Penitentiary in Lewisburg, Pennsylvania.[3]

 The simple answer to this contention is that Markus has not been denied credit for time served. The sentence in 76 Cr. 73 was to be consecutive to the five- and ten-year terms originally imposed in 75 Cr. 365. When the conviction in 75 Cr. 365 was vacated in 1978, the Bureau of Prisons retroactively treated the sentence imposed in 76 Cr. 73 as having begun on April 30, 1976,

and as having run concurrently with the District of New Jersey sentence. Thus the time served on the original sentence in 75 Cr. 365 has been fully credited by the Bureau of Prisons to the sentence in 76 Cr. 73. This satisfies the dictates of *North Carolina v. Pearce, supra*, which was intended to assure fundamental fairness to a sentenced defendant by precluding imposition upon him of "multiple punishments for the same offense," 395 U.S. at 717, 89 S.Ct. at 2076, and did not consider the converse issue presented here, which is whether a prisoner convicted of multiple offenses is entitled as of right to apply one punishment to all offenses. We are confident that the Court in *Pearce* did not intend its decision to be construed as entitling a prisoner to *double* credit for time served.[4] See in accord, *Thacker v. Garrison*, 527 F.2d 1006 (4th Cir. 1975) (per curiam).

Appellant also argues that his sentence has been impermissibly increased in violation of the Due Process Clause. He contends that the maximum penalty to which he can be subject on the conspiracy count of 75 Cr. 365 is the concurrent five-year term originally imposed by Judge Werker.

The Due Process Clause "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," and even the "apprehension of such a retaliatory motivation" must be removed. *North Carolina v. Pearce, supra*, 395 U.S. at 725, 89 S.Ct. at 2080. Therefore, "whenever a judge imposes a more severe sentence upon a defendant after a new trial [or a new guilty plea], the reasons for his doing so must affirmatively appear" in the record, with those reasons being based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of

---

**3.** That letter stated that the Bureau of Prison's "position in this matter is that Mr. Markus cannot receive credit for pre-sentence confinement on [the September 12, 1978, sentence in 75 Cr. 365], because he was already serving other federal sentences for this period of time."

**4.** It is unnecessary, therefore, to reach the issue of whether appellant is required to exhaust administrative remedies in the Bureau of Prisons before seeking judicial review of a claim of denial of credit for time served. Accordingly, our denial of appellant's claim does not imply that he did not have a claim worthy of consideration by the Bureau of Prisons.

the original sentencing proceeding." *Id.* at 726, 89 S.Ct. at 2081. Cf. *United States v. Coke*, 404 F.2d 836 (2d Cir. 1968) (en banc) (supervisory powers).

■ The threshold question is whether Judge Weinfeld has imposed a more severe sentence than that imposed by Judge Werker. Markus contends that the only relevant comparison is between his original sentence on the conspiracy count in 75 Cr. 365 and his new sentence on the conspiracy count of the superseding information. We consider this approach too narrow. In our view the proper procedure is first to disregard the sentence originally imposed by Judge Werker on Count Three of the indictment in 75 Cr. 365, since it has been dropped by the Government, and then compare the total remaining sentence imposed by Judge Werker in 75 Cr. 365 and 76 Cr. 73 with the petitioner's present position. It is the actual effect of the new sentence as a whole on the total amount of punishment lawfully imposed by Judge Werker on the defendant under both indictments which is the relevant inquiry, not an abstract numerical count-by-count comparison of the sentence imposed on each count considered in a vacuum. See, e. g., *United States v. Albanese*, 554 F.2d 543, 547–49 (2d Cir. 1977).

■ When Judge Werker imposed sentence, he had before him guilty pleas by Markus to two separate indictments, and Markus had four days previously been sentenced to five years' imprisonment on the District of New Jersey conviction. Excluding (as we must) the ten-year sentence on the substantive count in 75 Cr. 365, Judge Werker imposed a five-year sentence in 75 Cr. 365, to run concurrently with the New Jersey sentence, and a five-year consecutive sentence in 76 Cr. 73. The result, then, was that Markus was to serve an aggregate term of imprisonment of ten years and four days on the New Jersey conviction and those counts of both indictments before Judge Werker that were not later dropped. This is the position to which the present sentence imposed by Judge Weinfeld must be compared.

Judge Weinfeld's objective was to return Markus to the position in which he would have been with Count Three of 75 Cr. 365 dropped. When the original conviction and sentence in 75 Cr. 365 were vacated, the sentence in 76 Cr. 73, which had been consecutive, was substituted for the 75 Cr. 365 sentence and became concurrent with the District of New Jersey sentence; at that time, Markus was obligated to serve an aggregate term of imprisonment of five years and four days under 76 Cr. 73 and the New Jersey sentence. The five-year consecutive sentence imposed by Judge Weinfeld in 75 Cr. 365 served to restore Markus' aggregate term of imprisonment back to ten years and four days under the New Jersey conviction, 76 Cr. 73 and 75 Cr. 365. In short, the combined sentences in both cases before Judge Werker have remained the same length—each is the statutory maximum of five years' imprisonment; the only change is the order in which the sentences are to be served.

The new sentence imposed by Judge Weinfeld in 75 Cr. 365, however, which was "consecutive to the sentences now being served by the defendant," did have the effect of increasing the aggregate term of imprisonment to be served by Markus due to a sentence previously imposed on appellant in a wholly different case. Between the time when the initial sentences were imposed by Judge Werker and when the initial conviction in 75 Cr. 365 was vacated, appellant was convicted and sentenced in an intervening case in the Eastern District of Louisiana. That sentence, imposed on December 8, 1976, was a five-year term of imprisonment to run concurrently with the other federal sentences then being served. At that time, the sentence would have been totally subsumed within the aggregate terms previously imposed, including the sentences in 75 Cr. 365 and 76 Cr. 73. However, when the original term in 75 Cr. 365 was vacated, and the 76 Cr. 73 sentence retroactively began to run as of April 30, 1976, the Eastern District of Louisiana sentence was no longer totally subsumed; instead, since it began running on the date imposed, December 8, 1976, the Louisiana

sentence in effect added seven months and eight days to the aggregate, bringing the total term of imprisonment after the 75 Cr. 365 conviction was vacated to five years, seven months and twelve days. Judge Weinfeld's imposition of the new five-year term in 75 Cr. 365 "consecutive to the sentences now being served by the defendant" had the effect of increasing the aggregate term of imprisonment to ten years, seven months and twelve days as compared to the aggregate term of ten years and four days as a result of Judge Werker's original sentences. Thus the aggregate term of imprisonment has in fact been increased by seven months and eight days. Cf. *United States v. Albanese, supra,* 554 F.2d at 547–49.

Such an increase in the punishment is not per se invalid. See generally *North Carolina v. Pearce, supra; United States v. Coke, supra.* But it must be based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce, supra,* 395 U.S. at 726, 89 S.Ct. at 2081. No such conduct exists in this case. Intervening convictions of appellant, based upon indictments pending at the time of the original sentencing by Judge Werker and upon conduct predating that sentencing, cannot satisfy *Pearce's* exacting requirement. Cf. *United States v. Lopez,* 428 F.2d 1135 (2d Cir. 1970).[5]

That being the case, we see no need to remand to the district court for resentencing. The order of the district court will be revised to remove the prohibited increase in the aggregate term of imprisonment by providing that the five-year term in 75 Cr. 365 will be consecutive to the sentence in 76 Cr. 73 rather than consecutive to all federal sentences imposed prior to September 12, 1978. Cf. *United States v. Albanese, supra,*

554 F.2d at 549 (Court of Appeals modifies sentence to effectuate the intent of *United States v. Coke, supra*); *United States v. Mathis,* 579 F.2d 415, 420 (7th Cir. 1978) (Court of Appeals modifies sentence to comply with *North Carolina v. Pearce, supra*).

The sentence as modified, which simply switches the order in which the original sentences imposed by Judge Werker in 75 Cr. 365 and 76 Cr. 73 will be served, does not increase the aggregate term of imprisonment and therefore does not run afoul of the Due Process Clause. The cases relied upon by Markus are all distinguishable. In *United States v. Barash,* 428 F.2d 328, 332 (2d Cir. 1970), *new sentence after remand affirmed,* 434 F.2d 358 (2d Cir. 1970) (per curiam), *cert. denied,* 401 U.S. 938, 91 S.Ct. 928, 28 L.Ed.2d 217 (1971), we held pursuant to our supervisory power that "after retrial, a sentencing judge is bound, absent the justifying circumstances set out in *Pearce* and *Coke,* to follow the kind, as well as to stay within the bounds of the degree of severity, of the punishment imposed following the first trial, unless there are extremely compelling reasons which demand a change in the type of penalty in the interests of justice . . .." In that case, the term of imprisonment had been shortened but fines had been added, payment of which was made a condition for probation of various suspended sentences. The court noted that "[a]ny attempt to compare one kind of punishment with another and to pronounce one more or less severe than another under circumstances such as those in this or similar cases is wholly impractical." *Id.*

No such difficulties are present in this case; the modified sentence is no more severe than the original sentence. A mere change in the order in which consecutive sentences of identical length are to be served cannot constitute an enhancement of punishment.

5. The Government also notes that Markus' failure to effectuate the return of some $32 million in bonds was discussed by Judge Weinfeld at sentencing. However, the sentencing judge specifically stated that he would disregard the allegation in the presentence report that Markus had possession of the bonds, and he later remarked that "frankly, I don't know why it

[the ability to effectuate the return of the bonds] was included in the report." The court below made no reference to the bonds in pronouncing sentence. Since the court below specifically did not rely upon this information, which was before it at the time, in imposing sentence, the material cannot now serve as a justification for increasing Markus' sentence.

*United States v. Sacco,* 367 F.2d 368 (2d Cir. 1966), also relied upon by appellant, is clearly. inapplicable. In that case the defendant had been convicted on one substantive count, carrying a maximum term of imprisonment of ten years, and one conspiracy count with a maximum term of five years. The defendant was erroneously sentenced to five years on the substantive count and seven years on the conspiracy count; pursuant to a Rule 35, Fed.R. Crim.P., motion by the defendant and cross-motion by the Government, the trial court merely transposed the two sentences. We reversed, holding that "a judge should not be permitted to increase a sentence clearly and explicitly imposed, after the prisoner has begun to serve it," *id.* at 369. The court derived this holding from the "well settled general rule that increasing a sentence after the defendant has commence to serve it is a violation of the constitutional guaranty against double jeopardy." *Id.*

In the instant case, the entire conviction in 75 Cr. 365 was vacated upon Markus' motion. Therefore, the Double Jeopardy Clause does not prohibit an increased sentence upon reconviction, see *North Carolina v. Pearce, supra,* 395 U.S. at 719–21, 89 S.Ct. 2072, and the underlying rationale of *United States v. Sacco* is inapplicable. Of equal significance, there has not been any increase in the sentence in this case.[6]

Since appellant has not been denied credit for time served, and since the sentence imposed by Judge Weinfeld, as modified by this opinion, does not increase Markus' punishment in violation of the Due Process Clause, we direct that the order below be modified to provide that the judgment in 75 Cr. 365 be revised so that the five-year term of imprisonment will run consecutively to that imposed in 76 Cr. 73. In all other respects the order of the district court is affirmed.

---

6. *United States v. Welty,* 426 F.2d 615 (3d Cir. 1970), also cited by appellant, is distinguishable on the same grounds.