**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Duane A. BERRY, Defendant-Appellant.**

**No. 79–2213.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1981.

Decided April 14, 1981.

Rehearing Denied June 4, 1981.

---

Arthur H. Grant, Chicago, Ill., for defendant-appellant.

Patrick E. Deady, Asst. U. S. Atty., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., Robert Walter Tarun, Deputy Chief, Crim. Div., U. S. Dept. of Justice, Chicago, Ill., of counsel, for plaintiff-appellee.

Before PELL and WOOD, Circuit Judges, and BONSAL,* Senior District Judge.

BONSAL, Senior District Judge.

Defendant-Appellant Duane A. Berry appeals from his conviction by a jury in the United States District Court for the Northern District of Illinois, Eastern Division, of possession of stolen checks in violation of 18 U.S.C. § 1708 (Count One) and the unlawful sale and disposition of United States Trea-

* Senior District Judge Dudley B. Bonsal of the Southern District of New York is sitting by designation.

sury checks in violation of 18 U.S.C. § 641 (Count Two).

On October 1, 1979, defendant was sentenced to two years' imprisonment on Count One. Imposition of sentence was suspended on Count Two and defendant was placed on probation for three years to follow his release from imprisonment. On October 29, the sentence of Count One was reduced to 18 months and the probation on Count Two increased to 3½ years.

On May 1, 1979, Postal Inspector Robert F. Hartman, acting in an undercover capacity, met with defendant and his co-defendant, Leonard Hamilton, who subsequently pled guilty, to discuss the purchase of stolen United States Treasury checks. Defendant offered for sale United States Treasury checks having a face value of approximately $346,000, for which Hartman made an initial payment to the defendant of $2,600. The transaction was observed by a surveillance team, and defendant and Hamilton were arrested.

Defendant contends that he did not have effective assistance of counsel at his trial and that his defense of entrapment was not rebutted by any evidence that he had a predisposition to commit the offenses.

Defendant points out that when he took the stand at his trial, his counsel asked him about two minor marijuana convictions which were more than ten years old and which had been later determined to be constitutionally invalid. In *People v. McCabe*, 49 Ill.2d 388, 275 N.E.2d 407 (1971), the Supreme Court of Illinois held that the inclusion of the sale of marijuana in the Narcotic Drug Act, which provided a mandatory first offender sentence of ten years, was unconstitutional, since marijuana, being less dangerous than the other drugs listed in the Narcotic Drug Act, should more appropriately have been included in the Drug Abuse Control Act. In *People v. Meyerowitz*, 61 Ill.2d 200, 335 N.E.2d 1 (1975), in which the defendants had pled guilty to charges of illegal possession of marijuana, the Illinois Supreme Court gave *McCabe* retroactive application. Therefore, the infirmity of de-

fendant's prior convictions was not that he did not possess the marijuana, but that the sale and possession of marijuana had been arbitrarily included in the Narcotic Drug Act instead of the Drug Abuse Control Act. In Illinois, possession of marijuana is conduct subject to punishment.**

[1, 2] We note that defendant raised an entrapment defense at trial and therefore cannot object "to an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue." *Sorrells v. United States*, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). To refute specific false assertions, the Government might have attempted to impeach defendant with evidence of prior felony convictions, despite their unconstitutionality, see *Loper v. Beto*, 405 U.S. 473, 482 n. 11, 92 S.Ct. 1014, 1018 n. 11, 31 L.Ed.2d 374 (1972). Aside from the conviction, the Government may well have attempted to show that at the time of the marijuana possession the defendant had engaged in conduct which was in violation of the criminal law at the time. Therefore, trial counsel may have elicited this evidence to lessen the impact. If error, it was certainly harmless error. *Plies v. United States*, 431 F.2d 727 (9th Cir. 1970); *Shorter v. United States*, 412 F.2d 428 (9th Cir. 1969). Indeed, in *United States v. Perry*, 478 F.2d 1276, 1279 (7th Cir. 1973), this court approved of broad inquiry into a defendant's reputation to refute an entrapment defense and rejected the argument that evidence to show predisposition should be limited to a showing of prior convictions. *See also Sherman v. United States*, 356 U.S. 369, 375, 78 S.Ct. 819, 822, 2 L.Ed.2d 848 (1958).

■ As defendant had received no prison sentence and relatively short terms of probation on his prior convictions, the jury could not have been impressed with his prior criminal record. Indeed, the jury could have thought that possession of marijuana (as distinguished from sale) indicated that defendant was a user, which would have made him an easier mark for entrap-

** In 1970 defendant was convicted of possession of a hypodermic needle.

ment by the Government, which is what defendant wanted the jury to believe. While Rule 609(b), Federal Rules of Evidence, precluded the Government from introducing defendant's prior convictions without first obtaining a determination by the court that the probative value of the convictions outweighed their prejudice to the defendant, this did not preclude defendant's counsel from introducing them if he believed defendant's interest would be served thereby.

■ Considering the strong case presented by the Government, it does not appear that the evidence of these prior convictions prejudiced the defendant. Indeed, defendant concedes that defense counsel often uses this trial tactic to preclude the Government from first bringing out a defendant's prior criminal record. Taking trial counsel's performance as a whole, it does not appear that it fell short of the "minimum professional standard" required. *United States ex rel. Williams v. Twomey*, 510 F.2d 634, 640 (7th Cir. 1975); *United States v. Fleming*, 594 F.2d 598, 607 (7th Cir. 1979).

■ With respect to defendant's defense of entrapment, the testimony as to the meeting at which the Government checks were sold to the Postal Inspector could have satisfied the jury beyond a reasonable doubt that defendant was predisposed to commit the crimes. *See United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sorrells v. United States, supra; United States v. Viviano*, 437 F.2d 295 (2d Cir. 1971). Accepting defendant's contention that he was repeatedly importuned by the Government does not change our view. *United States v. Carreon*, 578 F.2d 176 (7th Cir. 1980); *United States v. Guevara*, 598 F.2d 1094 (7th Cir. 1978).

■ We find no merit to defendant's challenge to his sentence as it was reduced. It was within the judge's province to consider the prior convictions and to reduce the sentence when he was informed that the

prior convictions were invalid. *United States v. Santiago*, 582 F.2d 1128, 1137 (7th Cir. 1978); *United States v. Washington*, 586 F.2d 1147 (7th Cir. 1978). The reduction of the prison term and the corresponding increase in the probation term did not constitute double jeopardy and was within the discretion of the trial judge. *United States v. Markus*, 603 F.2d 409, 414 (2d Cir. 1979); *United States v. Mathis*, 579 F.2d 415 (7th Cir. 1978).

Defendant-appellant's conviction is affirmed.

HARLINGTON WOOD, Jr., Circuit Judge, dissenting.

Only the introduction into evidence of defendant's two overage and constitutionally invalid state marijuana convictions by his own counsel concerns me. The majority labels the convictions as "minor," but I view no felony convictions as minor. I am not prepared to say that the defendant was not prejudiced by what the majority views as an excusable trial tactic of his defense counsel. It was obviously a trial tactic, but a tactic so unjustified, so misguided and so potentially prejudicial that it reflects seriously upon counsel's competence.

I agree that in proper circumstances it is often a desirable trial tactic for defense counsel to lessen the impact of a defendant's prior convictions by controlling the manner and time of their revelation to the jury, if revelation is necessary. In the circumstances of this case, however, it can only be attributed to the incompetency of counsel.[1] My view does not imply that every possible mistake or misjudgment by counsel made during trial when viewed on Monday morning suggests counsel incompetency.

The government could not have used the ten year old convictions, even if they were still valid, without running afoul of the age limitation in Rule 609(b), Federal Rules of

---

1. I do not mean to imply that defendant's counsel may not generally be a very competent lawyer, only that on this particular occasion he was not and his client may have suffered with the jury as a result of it.

Evidence, 28 U.S.C.[2] The government argues, however, that when the defendant's defense is entrapment, as it was here, the government may be permitted to impeach him with evidence of prior felony convictions even though over ten years old. *United States v. Townsend*, 555 F.2d 152, 159 (7th Cir. 1977). That may be true at times, but *Townsend* did not involve prior convictions which had been vacated on constitutional grounds as in this case. *People v. Meyerowitz*, 61 Ill.2d 200, 335 N.E.2d 1 (1972); *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407 (1971). The government also argues that the defendant's old invalid convictions nevertheless could have been used if the defendant had attempted to give the jury the false impression that he had never been involved in any criminal activities, or were offered in direct rebuttal of some other false statement of the defendant. *Loper v. Beto*, 405 U.S. 473, 482 n. 11, 92 S.Ct. 1014, 1018 n. 11, 31 L.Ed.2d 374 (1972). That is correct, but it does not seem plausible that defendant's own counsel, at least if competent, would impeach the defendant in advance before he had made some anticipated false statement.

As the majority points out, in an entrapment case the defendant may be subject to a searching inquiry into his own conduct and his predisposition to commit the crime alleged. *Sorrells v. United States*, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed.2d 413 (1932). Applying that rule to the present case, however, it is difficult for me to see how the old and invalid marijuana convictions could show and predisposition to deal currently in stolen government checks.

I also agree with the majority that the government is not restricted to only prior convictions to show predisposition. *United States v. Perry*, 478 F.2d 1276, 1279 (7th Cir. 1973). In *Perry*, however, the doors

were not opened wide as only the prior but recent narcotic activities of the defendant were admitted to show predisposition to further engage in the sale of narcotics as charged. Nor do the old invalid marijuana convictions in the present case demonstrate the defendant's general reputation as a dealer in stolen checks.

The majority also calls our attention to *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), an entrapment case. However, in that case, the Supreme Court held that a nine-year-old narcotic sales conviction and a five-year-old narcotic possession conviction were insufficient to prove disposition to later sell the other narcotics in the conviction under review. *Sherman* no doubt would have been even an easier case to decide if prior marijuana convictions previously vacated were being offered to show a subsequent predisposition to traffic in stolen checks.

I would not apply the harmless error doctrine to the present case. *Plies v. United States*, 431 F.2d 727 (9th Cir. 1970), does not support its use in these circumstances. In *Plies* the defendant testified about his prior robbery convictions but he was being charged with a new robbery, not some totally unrelated activity. There was no issue in *Plies* of the ages of the prior convictions nor of their validity. The same is true in *Shorter v. United States*, 412 F.2d 428 (9th Cir. 1969). In *Shorter* the defendant testified about his prior convictions, but only after the court had indicated at a bench conference that it would permit the government to use the convictions for impeachment purposes although the convictions allegedly had been obtained without the defendant having counsel, possibly in violation of the rule in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

---

**2.** Rule 609(b) provides:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction sup-

ported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Faced with that admissibility ruling the defense counsel then as a matter of tactics brought his client's prior convictions to light before the jury to lessen their impact. There was some reason for counsel's tactics in that case, but there is none in the present case.

Defense counsel in this case evidenced not only a lack of knowledge of applicable and critical federal rules of evidence, but also a lack of factual and legal knowledge about his own client's convictions. Prior convictions are much too sensitive and dangerous a matter in a jury trial to be so negligently and incompetently handled by counsel. It may well be that defense counsel satisfactorily handled the balance of the trial, but that does not obscure his incompetence in handling these particularly prejudicial matters. Nothing justified what counsel did. It is true that there was substantial evidence of guilt, but guilt is a conclusion for the jury to reach without being influenced by these old and invalid prior convictions.

Since the jury was made aware that defendant also had some drug background, the jury may well have concluded that not only was defendant from time to time predisposed to criminal activity, but in addition was generally not one of our better citizens. Whatever the merits of the current arguments about the use of marijuana, there is, nevertheless, a strong potential for injecting a special prejudice. The jury should have been concerned only with stolen United States Treasury checks, not marijuana.

As I would reverse and remand for a new and untainted trial, I respectfully dissent.